IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

SIDEPRIZE LLC d/b/a PRIZEPICKS,

*Plaintiff*,

v.

KENNETH WHITE,

*Respondent*.

Civil Action No. 2:25-cv-1513

**SidePrize LLC d/b/a PrizePicks' Motion to Compel Compliance with Subpoena**

### DECLARATION OF DANIEL HUYNH IN SUPPORT OF SIDEPRIZE LLC d/b/a PRIZEPICKS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

1. My name is Daniel Huynh and I am over the age of 21 and competent to attest to the matters stated in this declaration. The facts contained herein are true, correct, and based upon my personal knowledge.

2. I am an attorney at Bradley Arant Boult Cummings LLP, and I serve as counsel for SidePrize LLC d/b/a PrizePicks ("PrizePicks") in this matter and the corresponding underlying litigation currently pending in the United States District Court for the Northern District of Georgia, styled *Vetnos, LLC v. SidePrize LLC d/b/a PrizePicks*, Case Nos. 1:23-cv-02746; 1:24-cv-05568 (the "Underlying Litigation").

3. The Underlying Litigation involves two consolidated cases filed by Vetnos, LLC ("Vetnos") against PrizePicks, alleging patent infringement and misappropriation of trade secrets.

4. On May 7, 2025, counsel for PrizePicks issued a subpoena to non-party Mr. Kenneth "Kenny" White that was personally served upon him on May 9, 2025.

5. After the subpoena was served, counsel for PrizePicks first contacted Mr. Gary Schnitzer, Mr. White's counsel, on May 15, 2025 to set up a call to discuss the subpoena and document requests.

6.     I, along with my co-counsel Mr. Alex Law, held a conference call with Mr. Schnitzer on May 19, 2025. During this call, we discussed the scope of materials sought under the subpoena, the types of responsive documents in Mr. White's possession, and Mr. White's anticipated compliance.

7.     After the May 19th call, counsel for PrizePicks and Mr. White exchanged further emails regarding the subpoena. Mr. Law, Mr. White, Mr. Schnitzer, and I then held an in-person meeting in Las Vegas, Nevada—where Mr. White resides—on June 20, 2025. During this meeting, Mr. White stated that he was still in possession of responsive documents and information related to Game Sports Network ("GSN")—Vetnos' predecessor—and the HotRoster game, and that he would allow a discovery vendor to collect information and materials from his possession. Mr. White also explained that before releasing the data to PrizePicks' and Vetnos' counsel for review, he would like to take a first-pass review and screen for potentially confidential and/or privileged information. PrizePicks' counsel agreed that Mr. White could conduct this review, so long as it was timely done.

8.     On July 1, 2025, a third-party discovery vendor collected the data from Mr. White. The data was made available to Mr. White and Mr. Schnitzer to review on July 8, 2025.

9.     On July 22, 2025, Mr. Law and I had another conference call with Mr. Schnitzer to discuss the status of compliance with the subpoena and establish a new compliance deadline that was amenable to Mr. White. We, again, stated that PrizePicks is amenable to allowing Mr. White to timely review the data for confidential and/or privileged information before making it available to PrizePicks' or Vetnos' counsel. Mr. Law and I also raised that PrizePicks anticipates deposing Mr. White in connection with the Underlying Litigation and asked Mr. Schnitzer for Mr. White's availability. Mr. Schnitzer did not commit to a document review completion date or deposition date on the call.

10. On July 31, 2025, Mr. Schnitzer indicated via email that Mr. White anticipated completing his review by August 8, 2025 and that Mr. White still could not commit to a firm deposition date.

11. After Mr. White missed the agreed upon compliance deadline, I emailed Mr. Schnitzer on August 11, 2025 to inquire about the status of Mr. White's review. I initially did not receive a response, and so Mr. Law followed up on August 14, 2025 to request compliance with the subpoena and a good faith meet and conferral to resolve any issues. In response, Mr. Schnitzer refused to commit to a compliance deadline or deposition date and ignored our requests for a meet and confer.

12. As of the date of this declaration, Mr. White has not completed his review of his documents nor committed to a deposition date. Mr. Schnitzer has not responded to our most recent requests for a meet and confer to discuss these issues.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 15, 2025

                                      */s/ Daniel Huynh*
                                      Daniel Huynh